PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION


MICHAEL MANGOLD,                              )
                                             )        CASE NO. 4:15CV02300
                    Plaintiff,               )
                                             )
        v.                                   )        JUDGE BENITA Y. PEARSON
                                             )
UNITED STATES DEPARTMENT OF                  )
STATE, *et al.*,                             )
                                             )        **MEMORANDUM OF OPINION AND**
                    Defendants.              )        **ORDER** [Resolving ECF No. 1]



### I.  Background

*Pro se* Plaintiff Michael Mangold, a federal prisoner, has filed this action for damages

under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388

(1971) and the Federal Tort Claims Act ("FTCA") against the United States Department of State

and "'John Doe' employees, staff, or representatives of the U.S. Embassy in Minagua,

Nicaragua."  ECF No. 1.

        Plaintiff alleges that in 2013, while he was in Nicaragua with his twelve-year-old son, he

was informed by a woman named Jennifer Marshal that his son had been taken to the U.S.

Embassy in Minagua for protection.  *Id.* at  ¶¶ 11, 16.  Plaintiff was later informed that his son

was taken to a child protection services agency.  *Id.* at ¶ 18.  Plaintiff alleges that Ms. Marshal

had contacted his son's biological mother who informed Ms. Marshal that her son should not be

reunited with Plaintiff because Plaintiff was a dangerous person suffering from a nervous crisis.

(4:15CV02300)

*Id.* at ¶ 19. The child's mother then flew to Nicaragua and returned with the child to the United States. *Id.* at ¶ 20.

In this action, Plaintiff alleges that "John Doe staff and employees of the U.S. Embassy in Minagua, Nicaragua, relied upon undocumented, unverified, subjective, unreliable and inaccurate or hearsay information that caused them to refuse to allow the Plaintiff to be reunited with [his son]," and are liable to him in damages "for his collateral pain and suffering." ECF No. 1 ¶ 28.

## II. Standard of Review

Although pleadings filed by *pro se* litigants are liberally construed and held to less stringent standards than formal pleadings drafted by lawyers, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), federal courts are required under 28 U.S.C. § 1915A to screen and dismiss before service any action in which a prisoner seeks redress from a governmental entity or an officer or employee of a governmental entity that the court determines is frivolous or malicious, or fails to state a claim upon which relief can be granted. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). In order to state a claim, a *pro se* complaint must contain sufficient factual matter, accepted as true, to state claim to relief that is plausible on its face. *See id.* (holding that the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) governs dismissals under 28 U.S.C. § 1915A).

## III. Analysis

Plaintiff's complaint must be dismissed because it fails to state a plausible claim for relief under either *Bivens* or the FTCA.

2

(4:15CV02300)

*Bivens* established a private right of action for damages against individual federal government officials who violate a citizen's constitutional or federal statutory rights under color of federal law.  Plaintiff has not alleged a plausible *Bivens* claim against the United States Department of State because a claim under *Bivens* may only be asserted against individual federal officials who have acted unconstitutionally.  "[*Bivens*] does not support an action against the United States government or any of its agencies." *Williams v. United States Dep't of Justice, No. 4: 11 CV 447, 2011 WL 3205769, at \*4 (6th Cir. July 28, 2011)*.

In addition, Plaintiff has not alleged a plausible *Bivens* claim against "'John Doe' employees, staff,  or representatives" of the United States Embassy in Minagua.  In order to state a *Bivens* claim, "a plaintiff must allege that he was deprived of a right secured by the federal constitution or laws of the United States by a person acting under color of federal law." *Nunez v. FCI Elkton, 32 F. App'x 724, 725 (6th Cir. 2002)*.  Plaintiff has not alleged a federal constitutional or statutory violation.

The FTCA is the exclusive avenue of recovery for torts committed by federal government employees. *United States v. Smith, 499 U.S. 160, 166 (1991)*.  Before a party may bring an action under the FTCA, however, he must exhaust his administrative remedies by presenting his claim to the proper federal agency and that agency must deny his claim.  *See* 28 U.S.C. § 2675(a).  Exhaustion of administrative remedies is a jurisdictional prerequisite to suit under the FTCA.  *Id.*  The claimant must give the agency written notice of his claim that is sufficient to enable the agency to investigate it.  *Douglas v. United States, 658 F.2d 445, 447 (6th Cir. 1981)*.

(4:15CV02300)

There is no suggestion in Plaintiff's complaint that he attempted to exhaust his administrative

remedies as required to pursue a tort claim under the FTCA.

**IV.  Conclusion**

Accordingly, for the foregoing reasons, this action is dismissed pursuant to 28 U.S.C.

§1915A.  The Court further certifies, pursuant to 28 U.S.C. §1915(a)(3), that an appeal from this

decision could not be taken in good faith.


IT IS SO ORDERED.


 April 29, 2016                                    /s/ Benita Y. Pearson
Date                                              Benita Y. Pearson
                                                  United States District Judge

4